Dale P. Alexander appeals from the judgment of the Municipal Court of Xenia, Ohio, in Greene County, which found him guilty of failing to provide support to his child, Menelek Alexander, for whom he was legally obligated to support, and imposed a penalty of six months in jail, a $1,000 fine, and court costs.
The evidence at both the arraignment hearing and sentencing hearing proved that Alexander failed to make any support payments since he was ordered to on February 18, 1995 through June 30, 1997, and to the date of the arraignment. Since this lengthy period far exceeds the 26 weeks out of 104 consecutive weeks set forth in the statute (R.C. Sec. 2919.21(E)), Alexander could have been charged with a fourth degree felony. However, the prosecutor and the court treated it as a first degree misdemeanor.Arraignment, July 24, 1997, Tr. 2.
It is clear from the records of both the arraignment and sentencing hearings that Alexander was not represented by counsel at any time in the course of the proceedings, nor did he request appointment of counsel, and the trial court never at any time advised him of his right to obtain counsel or offer to appoint counsel for him.
Alexander appeals from both the judgment and sentence and presents the following two assignments of error:
 1. THE TRIAL COURT ERRED WHEN IT FAILED TO ADVISE APPELLANT OF HIS RIGHT TO COUNSEL AFTER HE APPEARED UNREPRESENTED AT THE ARRAIGNMENT AND THE COURT REQUIRED HIM TO PLEAD TO THE CHARGE.
 2. THE TRIAL COURT ERRED IN ACCEPTING A NO CONTEST PLEA WITHOUT ADDRESSING DEFENDANT PERSONALLY TO DETERMINE THE VOLUNTARINESS OF THE PLEA AND WHETHER OR NOT DEFENDANT UNDERSTOOD THE NATURE OF THE CHARGE AND THE CONSEQUENCES OF THE PLEA.
On this appeal, Alexander is represented by counsel. Crim.R. 44(B) clearly provides that "when a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waived assignment of counsel." This is not a case where a waiver of counsel was defective. See e.g. State v. Dyer (Dec. 4, 1996), Greene App. No. 96 CA 39, unreported. Here, there is not the slightest attempt from the trial court to advise Alexander of his right to obtain counsel, much less that he voluntarily waive it.
The first assignment of error is sustained.
In his second assignment of error, Alexander contends that the trial court erred in accepting his no contest plea without first determining that it was made voluntarily and with an understanding of its effect, as required by Crim.R. 11(E).
It is true that the record before us does not affirmatively demonstrate compliance with that rule, but we take judicial notice of the fact that many trial courts precede their hearings of individual cases with an explanation of rights to a group of defendants all at the same time. The required procedure is set forth in Crim.R. 5(A), as follows:
 (A) Procedure upon initial appearance. When a defendant first appears before a judge or magistrate, the judge or magistrate shall permit the accused or his counsel to read the complaint or a copy thereof, and shall inform the defendant:
(1) Of the nature of the charge against him;
 (2) That he has a right to counsel and the right to a reasonable continuance in the proceedings to secure counsel, and, pursuant to Crim. R. 44, the right to have counsel assigned without cost to himself if he is unable to employ counsel;
 (3) That he need make no statement and any statement made may be used against him;
 (4) Of his right to a preliminary hearing in a felony case, when his initial appearance is not pursuant to indictment;
 (5) Of his right, where appropriate, to jury trial and the necessity to make demand therefor in petty offense cases.
 In addition, if the defendant has not been admitted to bail for a bailable offense, the judge or magistrate shall admit the defendant to bail as provided in these rules.
 In felony cases the defendant shall not be called upon to plead either at the initial appearance or at a preliminary hearing.
 In misdemeanor cases the defendant may be called upon to plead at the initial appearance. Where the defendant enters a plea the procedure established by Crim. R. 10 and Crim. R. 11 applies.
Thus, before even reaching the issue of compliance with Crim.R. 11(E), we must ascertain whether there was compliance first with Crim.R. 5(A). Upon remand, the trial court may supplement the record pursuant to the procedure set forth in App.R. 9(E) to demonstrate compliance with Crim.R. 5(A) and 11(E), if it is able to do so.
If no such record supplementation is provided to this court within thirty days after remand, the judgment will be considered reversed without further action by this court.
If supplementation of the record is supplied to this court within thirty days after remand, we will consider the second assignment of error on the merits.
The sentence of confinement is vacated, and the case is remanded for further proceedings consistent with this opinion.
BROGAN, J. and WOLFF, J., concur.
Copies mailed to:
Robert K. Hendrix
Eugene Robinson
Hon. Susan L. Goldie